Thomas E. YOUNG, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20023.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 19, 1966.

Decided Sept. 29, 1966.

* Sitting by designation pursuant to Section 291(a) of Title 28 U.S.Code.

---

Mr. William A. Mann, Washington, D. C. (appointed by this court), for appellant.

Mr. Charles A. Mays, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Joel D. Blackwell, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, McGOWAN and TAMM, Circuit Judges.

PER CURIAM:

■ Appellant was indicted and tried for second degree murder, found guilty, and appeals. A statement made by the trial judge at a bench conference, if heard by any of the jurors, would have prejudiced the defense and required reversal. When trial counsel pointed out to the court that the jury might have heard some of these comments the following occurred:

The Court: I can't conceive that they did. I thought I was speaking very low. I will ask them, if you wish.

Mr. Stanford [counsel for defendant]: I know it was on the borderline. If it was not on the borderline, I would not make the request.

The Court: Do you want me to ask the jury?

Mr. Stanford: Yes, sir.

The Court: I will ask them. (In open court:)

The Court: Ladies and gentlemen of the jury, during the bench conference that just occurred, did any member of the jury hear anything that the Court said? If so, please raise your hand.

(No response.)

The Court: Apparently not. Thank you.

Counsel did not pursue the matter further. In light of the foregoing we would not be justified in reversing. *Cf.* Young v. United States, 120 U.S.App. D.C. 312, 315, 346 F.2d 793, 796.

■ It is also urged that the evidence was insufficient to support the verdict. The fatal shooting of the deceased, though it occurred during a struggle with appellant, was with a pistol in appellant's grasp following an altercation between the two, and on all the evidence the criminal responsibility of appellant as indicted was a fair question for the jury.

There being no basis for reversal on either ground above mentioned or on any other, the judgment is

Affirmed.